FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRICK L. HUNTER,<br><br>                Plaintiff,<br><br>  v.<br><br>REBECCA GISLER, Law Enforcement Notification (LEN) Supervisor; CHAD ROBERTSON, DOC Corrections Counselor; AMY PHENIX, Psychologist Ph.D.; CLAIRE NGUYEN, Assistant Attorney General; JENNIFER WILLIAMS, Correctional Supervisor (CCU) – DOC; and KENDRA SCOTT, DOC Mental Health Specialist,<br><br>                Defendants. | NO: 4:21-CV-5061-RMP<br><br>ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO RECONSIDER |

BEFORE THE COURT, without oral argument, is *pro se* Plaintiff Darrick L. Hunter's construed Motion to Reconsider Order Regarding Stay of Proceedings, ECF No. 61. Defendants Rebecca Gisler, Chad Robertson, Claire Nguyen, Jennifer Williams, and Kendra Scott ("Defendants") requested that the Court deny Plaintiff's

ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO RECONSIDER ~ 1

motion in their response, ECF No. 62. Plaintiff did not file a reply. Having reviewed the file, the record, and relevant law, the Court is fully informed.

## BACKGROUND

Plaintiff Darrick L. Hunter, proceeding *pro se*, filed a Second Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 based on an alleged violation of his due process rights under the Fourteenth Amendment in December 2021. ECF No. 22. Plaintiff currently is involved in a Washington state court proceeding, *In re Detention of Darrick L. Hunter*, Pierce County Superior Court Cause No. 21-2-06187-9, to determine whether he is a sexually violent predator ("SVP"). ECF No. 32. In the instant matter, Plaintiff challenges the validity of the mental health assessment conducted as part of the ongoing state SVP proceedings. *See* ECF No. 22 at 14.

On May 4, 2022, the Court stayed the instant case pursuant to the *Younger*[1] abstention doctrine pending resolution of Plaintiff's related state SVP proceedings. ECF No. 40. On November 15, 2022, the Court denied Plaintiff's construed motion to lift the stay. ECF No. 55. Consistent with the Court's order, Defendants filed a status report in December 2022, ECF No. 56, and the Court ordered that the stay remain in place, ECF No. 57. Defendants filed another status report in January 2023, stating that the jury had rendered a verdict in Plaintiff's state case and that

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO RECONSIDER ~ 2

1    Plaintiff had appealed from that decision. ECF No. 59 at 2. On January 24, 2023,

2    based on the briefing schedule issued by the Washington State Court of Appeals, the

3    Court issued an Order Regarding Stay of Proceedings, finding that good cause

4    existed to extend the stay and directing Defendants to file a status report by July 31,

5    2023. ECF No. 60.

6        On February 6, 2023, Plaintiff filed objections to Defendants' status report,

7    which the Court construed as a motion to reconsider its Order Regarding Stay of

8    Proceedings. ECF No. 61.

## LEGAL STANDARD

10        Motions for reconsideration are generally disfavored and should not be

11    granted, "absent highly unusual circumstances, unless the district court is presented

12    with newly discovered evidence, committed clear error, or . . . there is an intervening

13    change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656,

14    665 (9th Cir. 1999). Reconsideration is an "extraordinary remedy, to be used

15    sparingly in the interests of finality and conservation of judicial resources." *Kona*

16    *Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Whether

17    or not to grant reconsideration is committed to the sound discretion of the court."

18    *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331

19    F.3d 1041, 1046 (9th Cir. 2003).

20    / / /

21    / / /

ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO RECONSIDER ~ 3

# DISCUSSION

The Court finds that Plaintiff fails to provide a basis for reconsideration. Plaintiff does not present the Court with newly discovered evidence, allege that the Court committed clear error, or argue that there has been an intervening change in the controlling law. Rather, Plaintiff restates arguments that the Court has previously rejected.

Plaintiff first continues to assert that he does not have the opportunity to present his federal due process claims in the state court proceedings and suggests the Court conduct a "video Zoom hearing" to determine the validity of his assertion. ECF No. 61 at 2-3. The Court already found this argument meritless in its Order Denying Plaintiff's Construed Motion to Lift Stay, filed November 15, 2022. *See* ECF No. 55 at 6 (concluding that "Plaintiff fails to establish that state procedural law bars his ability to raise his federal due process claims, particularly considering Washington Supreme Court precedent that recognizes and reviews such claims."). Plaintiff provides no new reasoning or evidence to support his argument. Accordingly, the Court finds this repeated argument provides no reason to reconsider the stay or to consider Plaintiff's request for a Zoom hearing.

Plaintiff next argues that the Court should resolve his due process challenges now because his federal claims are "not inexplicably [sic] intertwined with the state court civil commitment proceedings, determinations, orders, rulings or judgments." ECF No. 61 at 2-3. He notes that it may take six months or more for his state court

appeal to resolve. *Id.* at 2. As support for his contention that the Court can address his due process claims without interfering with any pending state court proceedings, he cites *Razatos v. Colorado Supreme Court*, 746 F.2d 1429 (10th Cir. 1984). *Id.* at 3.

      The Court agrees with Defendants that this argument also fails to provide a basis for reconsidering the stay. The Court previously determined that Plaintiff's requested relief in the instant case has the practical effect of enjoining ongoing state judicial proceedings. *See* ECF No. 40 at 10 ("Plaintiff also appears to request an order creating 'new notice, that complies with due process[,]' which likely would undermine, if not enjoin, the current SVP proceedings in state court."); *see also* ECF No. 23 at 7 ("[A] judgment in favor of Plaintiff in his section 1983 action would necessarily imply the invalidity of his civil commitment."). Furthermore, the possibility that the stay will need to be extended while Plaintiff's state court appeal resolves is not a reason to lift the stay. *See Page v. King*, 932 F.3d 898, 902-903 (9th Cir. 2019) ("*Younger* abstention is appropriate even in cases of extreme delay where there is 'no indication that the state court has been ineffective,' . . . and where the delay is instead 'attributable to the petitioner's quite legitimate efforts in state court to escape guilt' through litigation.") (internal citation omitted).

      Additionally, the Court finds Plaintiff's reliance on *Razatos* inapposite. The plaintiff in that case commenced a section 1983 action in federal court after the state court proceedings had concluded. *See Razatos*, 746 F.2d at 1432. Here, Plaintiff's

ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO RECONSIDER ~ 5

state court proceedings remain ongoing. Therefore, because *Younger* abstention continues to apply, the Court declines to reconsider the stay on Plaintiff's second proffered basis.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's construed Motion to Reconsider, **ECF No. 61**, is **DENIED**.

2. This case continues to be stayed pending the appeal of *In re Detention of Darrick L. Hunter*, Pierce County Superior Cause No. 21-2-06187-9.

3. Pursuant to the Court's Order Regarding Stay of Proceedings, ECF No. 60, Defendants shall file a status report by July 31, 2023.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** April 14, 2023.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Senior United States District Judge